UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV143-3-MU

HAYDEN CALVERT, )
)
    Petitioner, )
)
v. ) **O R D E R**
)
SUPERINTENDENT LEWIS SMITH, )
    Respondent. )
_____ )

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petitioner for Writ of Habeas Corpus filed on October 25, 2006 (Document No. 1.) For the reasons stated herein, the Petitioner's case will be <u>dismissed</u> as time-barred.

## I. Factual and Procedural Background

According to his Petition, on December 13, 1999, Petitioner was convicted by a jury of trafficking cocaine by possession and trafficking cocaine by transportation and was sentenced in April 2001 to 175 to 219 months imprisonment. Petitioner appealed his conviction and sentence to the North Carolina Court of Appeals. On December 21, 2002, the Court of Appeals found no error in Petitioner's trial and affirmed his conviction. On February 21, 2006, more than three years following the conclusion of Petitioner's direct review process, Petitioner filed a Motion for Appropriate Relief ("MAR") which was denied on March 3, 2006. Petitioner then filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals on March 28, 2006 which was denied on April 17, 2006. Petitioner then filed a Petition for Discretionary Review in the

1

North Carolina Supreme Court on April 25, 2006 which was denied on October 9, 2006 Petitioner filed the instant petition on October 25, 2006 alleging that the trial judge erroneously allowed an incriminating statement made by Petitioner in violation of the right against self incrimination and his appellate counsel was ineffective by failing to assert viable claims on appeal. For the reasons stated herein, Petitioner's Petition must be <u>dismissed</u> as untimely filed.

## II. <u>Analysis</u>

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
>    (B)   the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have
> been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

2

claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that Petitioner sustained his conviction on December 13, 1999 and was sentenced in April 2001. The North Carolina Court of Appeals found no error and affirmed Petitioner's conviction and sentence on December 31, 2002. Furthermore, the Petitioner's Petition reflects that he did not seek certiorari review before the United States Supreme Court. Thus, based upon the relevant legal precedent, this Court must conclude that the Petitioner's convictions and sentences became final no later than March 31, 2003 – that is, at the expiration of the 90-day period during which he could have (but did not) seek certiorari review before the U.S. Supreme Court. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (identifying 90-days grace period for cases in which no certiorari was sought in the U.S. Supreme court).

Furthermore, Petitioner allowed more than three years to elapse after his direct review process was completed before he initiated his unsuccessful collateral review proceedings in the North Carolina courts on February 21, 2006. Thus while the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here. That is, the Petitioner's one-year period already had expired before he even began collateral review. Specifically, Petitioner's direct appeal concluded on December 31, 2002 when the North Carolina Court of Appeals found no error in his trial and affirmed his sentence and conviction. Petitioner then waited for over three years before filing his MAR which was denied on March 3, 2006. Therefore, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations. Indeed, this Court finds that it is not even required to acknowledge the

3

Petitioner's initiation of collateral proceedings in State court inasmuch as he filed his MAR well beyond the 10-day period provided for such proceedings under North Carolina law. See N.C.G.S. §15A-1420(4).

No doubt, the Petitioner was aware that his Petition likely would be construed as time-barred.[1] Nevertheless, despite having been prompted to provide an explanation about his delay, the Petitioner has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant petition. In fact, in response to the habeas form's question concerning why the Petitioner had waited more than one year to file this action, he did not even bother to give an answer.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. Denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir.

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the Petitioner has addressed the timeliness of his Petition – albeit unsuccessfully – the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

4

2004). Here, the Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the Petitioner.

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED.**

Signed: November 13, 2006

Graham C. Mullen
United States District Judge

5