UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV143-3-MU

| | |
|---|---|
| HAYDEN CALVERT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SUPERINTENDENT LEWIS SMITH, ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion for Reconsideration (Document No. 8) filed December 8, 2006. For the reasons stated herein, the Petitioner's Motion will be denied.

## I. Factual and Procedural Background

Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 25, 2006 (Document No. 1.) By Order dated November 14, 2006, this Court denied Petitioner's Petition as untimely (Document No 5.) Petitioner now moves for reconsideration of this Court's Order arguing that he had no knowledge of the Antiterrorism and Effective Death penalty Act and that it would be unconscionable to enforce the limitations period against him..

According to his Petition, on December 13, 1999, Petitioner was convicted by a jury of trafficking cocaine by possession and trafficking cocaine by transportation and was sentenced in April 2001 to 175 to 219 months imprisonment. Petitioner appealed his conviction and sentence to the North Carolina Court of Appeals. On December 21, 2002, the Court of Appeals found no

1

error in Petitioner's trial and affirmed his conviction. On February 21, 2006, more than three years following the conclusion of Petitioner's direct review process, Petitioner filed a Motion for Appropriate Relief ("MAR") which was denied on March 3, 2006. Petitioner then filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals on March 28, 2006 which was denied on April 17, 2006. Petitioner then filed a Petition for Discretionary Review in the North Carolina Supreme Court on April 25, 2006 which was denied on October 9, 2006 On October 25, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.

## II. Analysis

In this Court's previous Order, this Court set out the language of the Antiterrorism and Effective Death Penalty and explained the one-year limitations period contained therein. Petitioner requests reconsideration of the Court's Order denying his Petition as untimely based on the argument that he had no knowledge of the AEDPA and that it would be unconscionable to enforce the time limitation against him now it would result in gross injustice.

Petitioner's stated reasons for not filing his habeas petition within the one-year limitations period will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999). Indeed, equitable tolling is not often granted. To be sure, the Fourth Circuit Court of Appeals has stated that such tolling is allowed only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the

party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). While Petitioner states that it would be unconscionable to enforce the limitations period against him, he does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, Petitioner's Motion for Reconsideration is DENIED.

## IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

Signed: December 11, 2006

Graham C. Mullen
United States District Judge